# In the United States Court of Federal Claims

DERIC MARCELL THOMPSON, *et al.*,

    Plaintiffs,

v.

THE UNITED STATES,

    Defendant.

No. 23-cv-1933

Filed: February 26, 2024

*Deric Marcell Thompson* and *Fay-Ann Brannon*, Woonsocket, Rhode Island, Plaintiffs, appearing *pro se*.

*Collin T. Mathias*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., appearing for Defendant.

## MEMORANDUM AND ORDER

Plaintiffs Deric Marcell Thompson and Fay-Ann Brannon, appearing *pro se*, seek declaratory judgment, injunctive relief, restitution, and a preliminary and permanent injunction against the city of Woonsocket, state of Rhode Island, and the United States for alleged constitutional and statutory violations. Pending before the Court are Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) (Pl. Mot) and Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 6) (Def. Mot.).[1] Defendant contends that Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See generally* Def. Mot. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for Leave to Proceed *in forma pauperis* is **GRANTED**.

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

**BACKGROUND**

On October 30, 2023, Plaintiffs, both Rhode Island residents, filed their Complaint against "Wrongdoers," the "United States; State of Rhode Island; City of Woonsocket." Complaint (ECF No. 1) (Compl.) at 4. The factual and legal bases for Plaintiffs' Complaint are difficult to discern. Plaintiffs, who describe their Complaint as a "Declaratory Judgment motion," ask the Court to "grant declaratory judgment against Wrongdoer [Rhode Island]." *Id*. at 4–5. Plaintiffs allege that Rhode Island "breach[ed] . . . Constitutional Oaths" of the United States and Rhode Island Constitutions, violated constitutional rights through its "use of Universal Traffic Citations without proper due process," potentially violated the False Claims Act in "us[ing] . . . unconstitutional statutes for financial gain," and potentially violated "the constitutional prohibition against contract impairment" in "demand[ing] . . . non-silver and gold payment." *Id*. at 4.

Plaintiffs seek the following relief:

1. Declaratory Judgment: Declare the Wrongdoer's actions, as alleged, to be in violation of the United States and Rhode Island Constitutions and any relevant federal laws.

2. Injunctive Relief: Prohibit Wrongdoer from enforcing statutes that are unconstitutional or infringe upon protected rights.

3. Restitution: Order Wrongdoer to provide restitution to affected constituents for harm caused by unconstitutional enforcement of statutes.[2]

4. Preliminary and Permanent Injunction: Issue a preliminary injunction to halt the enforcement of alleged unconstitutional statutes and subsequently issue a permanent injunction to prevent future infringements.

*Id*. at 5. Plaintiff Deric Marcell Thompson simultaneously filed a Motion for Leave to Proceed *in*

---

[2] In another part of the Complaint, Plaintiffs also list additional relief they seek related to restitution. Compl. at 3 ("Wholly pray for the restitution as required per fee schedule and for the Corporate Agents to enforce the DONOT [sic] STOP DONOT [sic] DETAIN INJUNCTION as Filed in the Ciyy [sic] of Woonsocket. As they have obstructed their duties to the Constituents to enforce illegal statutes and codes while violating due process of law with impunity as evidenced by their fraudulent court pleadings.").

2

*forma pauperis*. *See generally* Pl. Mot.

On November 30, 2023, Defendant timely moved to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. Def. Mot. at 1. Defendant contends that this Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs' claims are against the state of Rhode Island and city of Woonsocket, as opposed to the United States. *Id.* at 4. Moreover, Defendant argues that Plaintiffs have failed to identify any money-mandating source of law or any contract with the United States and further notes that this Court does not possess jurisdiction over Plaintiffs' requests for declaratory or injunctive relief. *Id.* at 4–5. Plaintiffs failed to respond to Defendant's Motion to Dismiss.

## **APPLICABLE LEGAL STANDARD**

The Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States" but does not create a right to relief itself. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983). Instead, to establish a right of relief under the Tucker Act, a "substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained." *Testan*, 424 U.S. at 400 (internal quotations omitted) (quoting *Eastport S.S.*

*Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).  Additionally, this Court's jurisdiction only extends to suits against the United States; as such, any suits against non-federal entities fall squarely outside of this Court's jurisdiction.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (The Court's jurisdiction does not provide for relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

Although this Court has "jurisdiction over express and implied-in-fact contract claims against the United States," *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023) (citing *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990)), this Court lacks subject-matter jurisdiction over such claims where plaintiffs fail to plausibly allege such a contract.  *Starrett v. United States*, No. 2022-1555, 2023 WL 152827, at *3–4 (Fed. Cir. Jan. 11, 2023) ("[B]ecause [plaintiff] does not plausibly allege the existence of an express or implied contract with the United States, the Claims Court lacked subject-matter jurisdiction over the case."); *Stephens*, 165 Fed. Cl. at 347 (quoting *Starrett*, 2023 WL 152827, at *3–4) ("[W]hen a plaintiff alleges a contract exists between the plaintiff and the United States but provides 'no government statement or action that could plausibly be interpreted as manifesting a government intent to form a contract,' this Court lacks jurisdiction over such claims.").

Furthermore, the Court of Federal Claims lacks "jurisdiction over criminal matters generally."  *Jones v. United States*, 440 F. App'x 916, 918 (Fed Cir. 2011).  Indeed, it is well established that this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."  *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see Johnson v. United States*, 144 Fed. Cl. 578,

582 (2019) (citations omitted) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action."); *see also Zhengxing v. United States*, 71 Fed. Cl. 732, 739 (2006); *Perales v. United States*, 93 Fed. Cl. 495, 498 (2010); *Flores v. United States*, 165 Fed. Cl. 228, 234 (2023).

This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).  In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all uncontroverted facts as true and construes the facts in the light most favorable to the non-moving party.  *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002).  A *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).  This does not, however, excuse Plaintiffs' burden to establish the Court's jurisdiction by a preponderance of the evidence.  *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019).  While this Court allows ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits.  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under 28 U.S.C. § 1915, a court may grant *in forma pauperis* (IFP) status to a *pro se* plaintiff who "submits an affidavit . . . that the person is unable to pay [requisite filing fees] or give security therefor," allowing the plaintiff to proceed without the payment of such fees.  28 U.S.C. § 1915(a)(1).  The granting of IFP status is not mandatory but done at the discretion of the court.  *See Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016).

On October 30, 2023, Plaintiff Deric Marcell Thompson filed a Motion for Leave to

Proceed *in forma pauperis* in this matter, pursuant to 28 § U.S.C. 1915. *See generally* Pl. Mot. In support of his motion, Plaintiff Deric Marcell Thompson completed an application to proceed *in forma pauperis* and attached to his Complaint an "Affirmation of No Income." Pl. Mot. at 1–2; Compl. Attachment at 1–2. Accordingly, as Mr. Thompson's application and affirmation satisfy the substantive statutory requirements, the Court GRANTS Mr. Thompson's pending Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) for this matter.

## DISCUSSION

### I. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against the City of Woonsocket and State of Rhode Island

As noted, Plaintiffs allege claims against "Wrongdoers" the city of Woonsocket, state of Rhode Island, and the United States.[3] Compl. at 1, 4. The allegations in Plaintiffs' Complaint and 80-page attachment are difficult to discern. *See generally id.*; Attachment 1 (ECF No. 1-2) (Compl. Attachment). For example, the portion of the Complaint that includes the "Statement of the Claim" merely states "PLEASE SEE ATTACHED DOCUMENTATION PERTAINING TO VIOLATION!" Compl. at 2. Plaintiffs' attachments include various Rhode Island criminal court documents, a local news article regarding a Rhode Island criminal investigation of Plaintiffs for alleged fraud, and several documents regarding the issuing of a warrant and bail payment.[4] Compl. Attachment at 21–50; *see also* Def. Mot. at 2.

However, even under the most liberal construction, this Court lacks jurisdiction over

---

[3] Defendant notes that the substance of the allegations in Plaintiffs' Complaint "specifically identify Rhode Island as 'Wrongdoer,' and do not actually implicate any claim against the United States." Def. Mot. at 4. Plaintiffs' own case caption, however, includes the "United States; State of Rhode Island; City of Woonsocket." Compl. at 4; *see also id.* at 1. The Court therefore addresses Plaintiffs' purported claims against the United States in Section II.

[4] Plaintiffs' attachments also include seemingly unrelated alleged Court filings in the State of Minnesota. Compl. Attachment at 3–18.

6

Plaintiffs' requests for relief regarding the city of Woonsocket or state of Rhode Island. This Court's subject matter jurisdiction is limited to suits against the United States; this Court is not empowered to adjudicate cases seeking redress against states or cities. *See Sherwood*, 312 U.S. at 588 (internal citations omitted) ("[The Court's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and . . . relief sought . . . against others than the United States . . . must be ignored as beyond the jurisdiction of the court."). Plaintiffs' claim for redress from the city of Woonsocket and state of Rhode Island must therefore be dismissed for lack of jurisdiction. *See id.*; *Curry*, 787 F. App'x at 722–23 (citing *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014)).

## II. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against the United States

Plaintiffs' Complaint also identifies the United States as a Defendant. Compl. at 1, 4. Defendant notes that despite this, the substance of the allegations in Plaintiffs' Complaint "specifically identify Rhode Island as 'Wrongdoer,' and do not actually implicate any claim against the United States." Def. Mot. at 4 (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (granting the Government's motion to dismiss where plaintiff listed United States as the sole defendant, but its claims were against the state of Louisiana and related parties); *see also* Compl. at 4 ("Claimant . . . respectfully presents this Declaratory Judgment motion against Wrongdoer, the State of Rhode Island, seeking redress for alleged breaches of duty, unconstitutional enforcement of statutes, and violations of constitutional oaths, resulting in infringements upon the rights of the Claimants, the United States and Deric-Marcell [sic] Thompson."). Even so, to the extent Plaintiffs' requests for relief can be construed as claims against the United States, Plaintiffs do not reference any constitutional, statutory, or regulatory provision that confers jurisdiction upon this Court.

Plaintiffs rely on a variety of sources as the basis for their claims, including the Fourth Amendment; Article 1, Section 10 of the U.S. Constitution; the Due Process Clauses of the Fifth and Fourteenth Amendments; 18 U.S.C. §§ 241, 242; and 28 U.S.C. § 3002(15)(a).[5] Compl. at 1. Plaintiffs assert that these provisions provide this Court with jurisdiction over Plaintiffs' claims. *Id*. However, these sources cannot form the basis of subject matter jurisdiction because they are not independent money-mandating sources of law nor contracts with the United States.

First, Plaintiffs vaguely point to the Fourth Amendment to establish jurisdiction in support of their claims. *Id*. It is well established that the Fourth Amendment is not a money-mandating authority that provides jurisdiction. *Brown*, 105 F.3d at 623 ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over [ ] such a violation."). This Court therefore lacks subject matter jurisdiction over Plaintiffs' Fourth Amendment claim. *Id*. at 624. Moreover, to the extent Plaintiffs' Complaint includes due process claims, the Federal Circuit has expressly held that this Court lacks jurisdiction over claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments. *Black v. United States*, 28 Fed. Cl. 177, 186 (1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (Fifth Amendment Due Process Clause); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth and Fourteenth Amendment Due Process Clauses); *see also Flores*, 165 Fed. Cl. at 233.

Plaintiffs further assert that Article 1, Section 10 of the United States Constitution, which places limitations on the States' powers, provides this Court with jurisdiction over Plaintiffs' claims. *See* Compl. at 1; U.S. CONST. art. I, § 10. From what the Court can discern, Plaintiffs appear to be referencing the provisions of Section 10 stating, "No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debts" and "No State shall . . . pass any . . . Law

---

[5] Plaintiffs reference 28 U.S.C. § 3002(15)(a) only in the case caption of their Complaint. Compl. at 1.

impairing the Obligation of Contracts." U.S. CONST. art. I, § 10.  Specifically, Plaintiffs "contend[] that the Wrongdoer's demand for non-silver and gold payment may infringe upon the constitutional prohibition against contract impairment."  Compl. at 4.  However, even if Plaintiffs' claims were properly lodged against the United States, none of the provisions in Article 1, Section 10 are money-mandating and thus do not confer subject matter jurisdiction on this Court.[6]  *See Stephens v. United States*, 166 Fed. Cl. 598, 604 (2023).

Additionally, Plaintiffs allege violations of criminal statutes 18 U.S.C. §§ 241, 242.  Compl. at 1.  The Court likewise lacks jurisdiction to adjudicate any claims purportedly arising under criminal statutes.  *See Maehr v. United States*, 767 F. App'x 914, 917 (Fed. Cir. 2019) ("Nor does the Court of Federal Claims have jurisdiction over criminal proceedings."); *see also Flores*, 165 Fed. Cl. at 234 (quoting *Johnson*, 144 Fed. Cl. at 582) (citations omitted) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action."); *Davenport v. United States*, No. 17-1122 C, 2017 WL 5988354, at *3 (Fed. Cl. Dec. 4, 2017) ("[T]his Court does not exercise jurisdiction over criminal claims, deeming allegations of criminal acts under Title 18 of the United States Code improper in this Court."); *see also Stephens*, 166 Fed. Cl. at 605.

Without explanation, Plaintiffs also cite to a definition section for federal debt collection practices, 28 U.S.C. § 3002, and specifically, the definition of "United States" to include "a Federal corporation."  28 U.S.C. § 3002(15)(a).  However, the definition section of this statute is inapplicable to Plaintiffs' Complaint, does not mandate the payment of money damages, and accordingly, does not confer jurisdiction on this Court.  *See Allen v. United States*, No. 23-776,

---

[6] Further, to the extent Plaintiffs reference this Court's jurisdiction over express and implied contracts with the United States, Plaintiffs fail to properly allege the existence of any such contract. *See City of El Centro*, 922 F.2d at 820; *Starrett*, 2023 WL 152827, at *3–4; *Stephens*, 165 Fed. Cl. at 347.

2023 WL 3862563, at *3 (Fed. Cl. June 7, 2023) (citing *Robinson v. United States*, No. 17-745C, 2017 WL 2983926, at *2 (Fed. Cl. July 13, 2017)) ("[28 U.S.C. § 3002(15)(a)] provides no substantive rights and cannot be fairly read to be money-mandating."); *see also Cooper v. United States,* 860 F. App'x 742, 744 (Fed. Cir. 2021).

Plaintiffs' attachments to the Complaint also include what Plaintiffs identify as a "writ of quo warranto." Compl. Attachment at 53–80. The Court interprets this portion of Plaintiffs' attachments as a request to issue a writ of quo warranto. This Court does not have jurisdiction to issue such a writ. *Members of Tlingit Nation v. United States*, 102 Ct. Cl. 209, 212 (1944) (citing *Arant v. United States*, 55 Ct. Cl. 327, 338 (1920)) ("The court has no jurisdiction to issue extraordinary writs of certiorari, mandamus, quo warranto, et al."). Moreover, even if the Court did have jurisdiction to address Plaintiffs' writ of quo warranto (which it does not), Plaintiffs' writ is aimed at various public officials and not the United States. *See* Compl. Attachment at 53 ("the wrongdoers who are all County, State, and Federal officials"). This Court's jurisdiction does not provide relief for claims "against others than the United States." *Sherwood*, 312 U.S. at 588; *Brown*, 105 F.3d at 624.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED** pursuant to Rules (12)(b)(1) and 12(h)(3), and Plaintiffs' Complaint (ECF No. 1) is **DISMISSED** without leave to replead. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

February 26, 2024
Washington, D.C.